IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INDEPENDENT WAREHOUSE INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. 15-1369 |
| JOSEPH M. PROFESSORI, et al. | ) |
| Defendant. | ) |

**OPINION and ORDER**

Presently pending before the Court is a Motion to Dismiss by Defendants Barry D. Plance, The Omni Group of Companies, Steamroll Products and Services Corporation d/b/a Steamroll Products, and Steamroll Holding Corporation ("Defendants") [ECF No. 31]. For the reasons stated herein, the motion will be granted as to Count II and denied as to the remaining counts.

**I. Factual and Procedural Background**

Plaintiff Independent Warehouse Inc. ("IWI"), an Ohio corporation with a principal place of business in Ontario, Canada, is a distributor of warehouse safety products, including trailer stands. [ECF No. 18 at ¶ 1]. Defendants The Omni Group of Companies, Steamroll Product and Services Corporation d/b/a Steamroll Products, and Steamroll Holding Corporation ("Corporate Defendants") are Pennsylvania corporations which held themselves out to be in the business of selling commercial and industrial safety products, including trailer stands. [ECF No. 18 at ¶¶ 2, 3, 4]. Defendant Joseph M. Professori is a citizen of Pennsylvania and an employee, officer, and/or director of each of the Corporate Defendants, and/or owned the dominant equity interest therein. [ECF No. 18 at ¶ 6]. Defendant Barry D. Plance is a citizen of Pennsylvania and was

also an employee, officer, and/or director of each of the Corporate Defendants, and/or owned the dominant equity interest therein. [ECF No. 18 at ¶ 7].

Plaintiff IWI alleges in the summer of 2014 Defendants approached IWI about a customer interested in volume purchases of IWI trailer stands. IWI alleges that an agreement was reached where Defendants placed purchase orders for trailer stands with IWI based upon customer needs, and IWI would deliver trailer stands to the customer locations nationwide [ECF No. 18, ¶¶ 16, 17]. Upon acceptance of a trailer stand by the customer, IWI would issue an invoice to be paid. [ECF No. 18 at ¶ 21]. The agreement between Defendants and IWI required that upon receipt of an invoice, Defendants would promptly pay IWI the invoiced amount. [ECF No. 18 at ¶ 22]. IWI attached copies of purchase orders and invoices between August 2014 and March 2015 to the First Amended Complaint which form the basis of IWI's claims. [ECF No. 18, ¶ 20; Exhibit A]. The only entities that are parties to the purchase orders and invoices are IWI and The Omni Group of Companies. [ECF No. 18, Exhibit A]. IWI alleges that Defendants fell behind paying IWI's invoices; that Defendants misrepresented they were able to pay and would pay the invoices; that IWI could not be paid until the customer made payment; and that IWI continued to ship trailer stands and issue purchases orders to its detriment. [ECF No. 18, ¶¶ 23, 25, 26, 31].

In reliance on those misrepresentations, IWI continued to accept Defendants' purchase orders, continued to ship trailer stands as requested, and continued to issue invoices to Defendants, reasonably expecting based on Defendants representations that payment would be forthcoming. [ECF No. 18 at ¶ 26]. In fact, unknown to IWI, the customer(s) had already paid Defendants for the trailer stands. [ECF No. 18 at ¶ 27]. IWI alleges Defendants diverted funds received from the customer for their own purposes, rather than payment of IWI invoices. [ECF

18, ¶¶ 28-30]. It is further alleged that Professori and/or Plance unlawfully diverted or used the funds, in whole or in part, for their personal use. [ECF No. 18 ¶ 30]. Plaintiff alleges damages in the amount of $412,978.34 from unpaid invoices. [ECF No. 18, ¶ 35, Exhibit B].

On January 29, 2016 IWI filed a First Amended Complaint asserting claims for Breach of Contract (Count I); Breach of Implied Covenant of Good Faith and Fair Dealing (Count II); Fraud (Count III); Conspiracy (Count IV); and Negligent Hiring, Retention & Supervision (Count V). [ECF No. 18]. Defendant Joseph Professori filed an answer and crossclaim on February 19, 2016 [ECF No. 28].

On February 29, 2016, Defendants Plance and the Corporate Defendants filed a motion to dismiss with brief in support [ECF Nos. 31, 32], to which Plaintiff has responded [ECF No. 37]. Defendants have filed a reply.[ ECF No. 39]. The matter is now ripe for disposition.

We have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). [ECF Nos. 46, 47, 48].

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (citing *Twombly,* 550 U.S. at 556). A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from

3

them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

In *Iqbal*, the Court laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly,* 550 U.S. at 563 n.8). Second, the court must determine whether the complaint "states a plausible claim for relief, . . . [which is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678. Only if "the "[f]actual allegations...raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips,* 515 F.3d at 234 (quoting *Twombly,* 550 U.S. at 555). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)).

To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." *See Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

If a complaint is subject to Rule 12(b)(6) dismissal, the court must permit a curative amendment unless such an amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). We must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id*.

With this standard of review in mind, we now turn to Defendants' motion whether the Plaintiff has stated a claim as to each count.

## III. Discussion

Defendants argue that IWI's breach of contract claims as asserted against them (as opposed to Professori, non-movant, who is separately represented and has filed an answer) are prohibited as a matter of law because Defendants are not parties to the purchase orders and invoices that form the basis for all of IWI's claims and from which IWI's damages allegedly arise. They also argue that there is no distinct cause of action for breach of the implied covenant of good faith and fair dealing, as such claims are merged with the breach of contract claim. Defendants further argue that IWI's fraud claims, as well as negligent hiring, retention and supervision claims, are precluded as a matter of law by the gist of the action doctrine and economic loss doctrine. Defendants also argue that IWI's conspiracy claims are precluded because there exist no other predicate independent civil causes of action as a basis for the conspiracy claims.

### A. Count I: Breach of Contract

Under Pennsylvania common law, a cause of action for a breach of contract requires "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *CoreStates Bank v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super.1999). Plance, Steamroll Products and Steamroll Holding argue that they are not parties to

the purchase orders and invoices that form the basis for all of IWI's claims and from which IWI's damages allegedly arise. As alleged, the only entities that are named in the purchase orders and invoices are IWI and The Omni Group of Companies [ECF No. 18, Exhibit A]. In response, IWI argues that its contract claims are properly pled under vicarious liability, participation, and *alter ego* theories, citing relevant and well-established caselaw. [ECF No. 18 at ¶¶ 11-15]. In their Reply Memorandum, Defendants do not address this legal argument. Regardless, after reviewing the Complaint and applicable precedent, we find that IWI has adequately pled its claim asserting breach of contract, given the alleged plausible nature and extent of control exercised by the entities herein, their agents or other participants, sufficient to state a claim for relief. The motion to dismiss will therefore be denied as to Count I.

### B. Count II

As to Count II ("Breach of Implied Covenant of Good Faith and Fair Dealing"), IWI agrees to dismiss this claim as a separate cause of action. [ECF No. 37 at 2]. The motion to dismiss will therefore be granted as to Count II.

### C. Counts III and V: Fraud and Negligent hiring, Retention and Supervision

Defendants argue that IWI's fraud claims, as well as negligent hiring, retention and supervision claims, are precluded as a matter of law by the gist of the action doctrine and economic loss doctrine.

Under Pennsylvania law, a plaintiff alleging fraud must prove the following elements (1) a misrepresentation; (2) a fraudulent utterance of the misrepresentation; (3) the maker's intent that the recipient be induced by the misrepresentation to act; (4) the recipient's justifiable reliance on the misrepresentation; and (5) damage to the recipient proximately caused. *Sevin v. Kelshaw,* 611 A.2d 1232 (Pa. Super. Ct. 1992).

Generally speaking, negligent hiring or supervision involves the breach of an employer's duty to abstain from hiring an employee and placing that employee in a situation where the employer knows or should know the employee will harm a third party or the breach of an employer's duty to monitor and control the activities of an employee. *See Hutchison ex rel. Hutchison v. Luddy,* 560 Pa. 51, 742 A.2d 1052, 1059–60 (Pa.1999) (affirming use of common law and Restatement (Second) of Torts § 317 liability standards for negligent supervision case).

1.  **Economic Loss Doctrine**

The economic loss doctrine "'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'" *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir.1995)). It is "designed to ... establish clear boundaries between tort and contract law." *Id*. at 680–81. The economic loss doctrine holds that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Excavation Techs., Inc. v. Columbia Gas Co. of Pa.*, 604 Pa. 50, 985 A.2d 840, 841 (2009). The doctrine bars claims:

> (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*Pesotine v. Liberty Mut. Group, Inc.*, 2014 WL 4215535, at *4 (M.D. Pa. Aug. 25, 2014) (quoting *Reed v. Dupuis,* 920 A.2d 861, 864 (Pa.Super. 2007)).

In *Bohler-Uddeholm America, Inc.* and *Pediatrix Screening, Inc.*, the United States Court of Appeals for the Third Circuit noted that the gist of the action doctrine "is a better fit" than "the economic-loss doctrine" for a non-products liability case. *See Bohler-Uddeholm Am., Inc.*, 247

7

F.3d at 104 n.11 ("The 'gist-of-the-action' test is a better fit for this non-products liability case."); *see also Pediatrix Screening, Inc.*, 602 F.3d at 544 & n.5 ("[T]he parties have used 'gist of the action' and "economic loss" interchangeably ... '[g]ist of the action' is a better fit, and we will use it in this opinion."). Accordingly, because this is not a products liability case, the Court will consider only whether the gist of the action doctrine applies to bar Plaintiff's fraud and negligent hiring, retention and supervision claims and will deny Defendant's motion as it relates to the economic loss doctrine. *Graham Packaging Company, L.P. v. Transplace Texas, L.P.*, 2015 WL 8012970 (M.D. Pa. December 7, 2015), citing, *Maryland Cas. Co. v. Preferred Fire Prot., Inc.*, No. 14-245, 2014 WL 4218715, at *4 (W.D. Pa. Aug. 25, 2014) (explaining that the "economic loss doctrine is reserved for those cases involving products liability"); *Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.*, No. 11-4568, 2011 WL 6046923, at *7 (E.D. Pa. Dec. 6, 2011); *Mikola v. Penn Lyon Homes, Inc.*, No. 07-0612, 2008 WL 2357688, at *7 (M.D. Pa. June 4, 2008).

    **2.**     **Gist of Action**

In Pennsylvania, the "gist of the action" doctrine "'maintain[s] the conceptual distinction between breach of contract and tort claims[,]' and precludes plaintiffs from recasting ordinary breach of contract claims as tort claims." *McShea v. City of Phila.*, 995 A.2d 334, 339 (Pa. 2010) (quoting *eToll, Inc. v. Elias/Savion Adver., Inc.,* 811 A.2d 10, 14 (Pa. Super. 2002)). The Pennsylvania Superior Court in *eToll* found that the "gist of the action" doctrine precludes tort actions "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract." *eToll,* 811 A.2d at 19

(internal citations and internal quotation marks omitted); *see also Bruno v. Bozzuto's, Inc.,* 850 F.Supp.2d 462, 468–69 (M.D. Pa. 2012) (dismissing claims for negligent and fraudulent misrepresentation under the "gist of the action" doctrine because these claims arose from contractual duties).

The Pennsylvania Superior Court has explained that "[t]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Redevelopment Auth. v. Int'l Ins. Co.,* 685 A.2d 581, 590 (Pa. Super. 1996) (en banc). Stated differently, the "gist of the action" is contractual where "the parties' obligations are defined by the terms of contracts, and not by the larger social policies embodied by the law of torts." *Bohler–Uddeholm Am., Inc. v. Ellwood Group, Inc.,* 247 F.3d 79, 104 (3d Cir. 2001).

In *Bruno v. Erie Insurance Company*, the Pennsylvania Supreme Court "reaffirm[ed]" this "duty-based demarcation" by concluding that "the nature of the duty alleged to have been breached" is "the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract*." Bruno v. Erie Ins. Co.,* 106 A.3d 48, 68 (Pa. 2014) (emphasis added). As such, the nature of the duty allegedly breached is the determinative factor in determining whether the gist of the action doctrine applies. *Id.* at 50-51

Accordingly, under *Bruno*, we must consider whether the relevant facts as pleaded in the complaint state a claim for Defendants' breach of a contractual obligation created by an agreement, or rather, for a breach of an independent social duty imposed by the law of torts. Here, Plaintiff alleges conduct beyond the scope of the mere performance of the contractual duties. Specifically, IWI alleges that Defendants embarked on a pattern of deceit, fraudulently induced IWI to ship product and then misappropriated money received on the sales and diverting

9

those funds in order to create a competitor product. [ECF No. 18 ¶¶ 28-30]. Construing the alleged facts in the light most favorable to IWI, Counts III and V adequately allege that Defendants breached an independent social duty imposed by the law of torts. Accordingly, the Court will decline to dismiss IWI's fraud and negligent hiring, retention and supervision claims s barred by the gist of the action doctrine.

### D. Count IV: Conspiracy

To prove a civil conspiracy, it must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. *Zaloga v. Borough of Moosic*, 2015 WL 3755003 *14 (M.D. Pa. June 16, 2015), citing *Landau v. Western Pennsylvania National Bank*, 445 Pa. 217, 282 A.2d 335 (1971). Defendants argue that Count V should be dismissed because a cause of action alleging conspiracy requires separate tortious conduct, and conspiracy actions based upon a breach of contract fail as matter of law, citing, *inter alia*, *Boyanowski v. Capital Area Intermediate Unit,* 215 F.3d 396, 405-06 (3d Cir.2000). According to Defendants, "there are no predicate permissible tort claims as a matter of law upon which IWI's conspiracy claims could be based." [ECF No. 32 at 11]. Plaintiff in response clarifies that Count V is predicated on fraud, and furthermore, we have ruled that requisite tort claims may proceed. We find that Plaintiff has adequately pled a claim of conspiracy and will deny the motion to dismiss as to Count IV.

AND NOW, this 19th day of April, 2016, the Defendants' Motion to Dismiss is hereby GRANTED IN PART as to Count II and DENIED as to the remaining Counts.

IT IS FURTHER ORDERED THAT Defendants Barry D. Plance, The Omni Group of Companies, Steamroll Products and Services Corporation d/b/a Steamroll Products, and Steamroll Holding Corporation shall file an Answer(s) on or before May 3, 2016.

IT IS FURTHER ORDERED THAT the Court shall conduct a status conference on April 26, 2016 at 9:30 a.m. Counsel shall notify the court if they intend to appear by telephone via email to Kathleen_Davis@pawd.uscourts.gov on or before April 22, 2016 so that appropriate arrangements can be made.

/s/ *Robert C. Mitchell*
ROBERT C. MITCHELL
United States Magistrate Judge

cc: record counsel